was essentially consistent with Estrada's testimony. The district court was also presented with evidence that appellant's offenses involved several young victims and that he spent a significant period of time creating opportunities to have contact with the children to facilitate his crimes. And either through testimony or letters, the district court heard evidence detailing the devastating impact appellant's crimes had on the victims and their families. The district court disagreed with expert opinions that appellant was not a pedophile, and it is not bound by those opinions, *see Allen v. State*, 99 Nev. 485, 488, 665 P.2d 238, 240 (1983) (observing that "[e]xpert testimony is not binding on the trier of fact"). The district court expressly based its sentencing decision on Estrada's testimony, the written psychosexual evaluation/risk assessment, the statements of the victims and their family members, and appellant's statement and imposed a sentence it deemed appropriate—a term of 24 to 72 months in prison for each of three counts of possession of visual representation depicting sexual conduct of a person under 16 years of age and 36 to 240 months in prison for one count of attempted lewdness with a child under age 14, all counts to run consecutively. Considering the record as a whole, we conclude the district court did not err by denying his motion to modify the sentence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.


_____, J.
Hardesty


_____, J.
Parraguirre


_____, J.
Cherry

cc:    Hon. Brent T. Adams, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk